STEPHEN P. STUBBS, ESQ.
Nevada Bar No.: 0010449
STEPHEN P. STUBBS, ATTORNEY AT LAW
626 South Third Street
Las Vegas, Nevada 89101
Telephone:    (702) 493-1040
Facsimile:     (702) 293-3289
stephen@stephenpstubbs.com

Jared Richards, Esq.
Nevada Bar No.  11254
CLEAR COUNSEL LAW GROUP
1671 W. Horizon Ridge Pkwy, Ste 200
Henderson, Nevada 89102
Telephone No.: (702) 476-5900
Facsimile No.: (702) 924-0709
jared@clearcounsel.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James Liam, individually and Amanda Matthews, individually<br><br>Plaintiffs,<br><br>vs.<br><br>Las Vegas Metropolitan Police Department, a political subdivision of the State of Nevada, and DOE Officers I - XX,<br><br>Defendants. | CASE NO.: |

**INTRODUCTION**

1. This is a civil rights action brought by Plaintiffs James Liam and Amanda Matthews to seek relief from Defendants' violation of Plaintiffs' rights secured by 42 U.S.C. § 1983 and the rights secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

2. The Plaintiffs understand that a jury may find this case to be of *de minimus* monetary value. Nevertheless, this case represents important issues of Constitutional law, as follows:

      a.    Plaintiffs allege that there is a culture in the LVMPD to extend detentions, beyond the original purpose supported by reasonable suspicion, for the purpose of gathering intelligence unrelated to the detention.

      b.    Plaintiffs allege that there is a culture in the LVMPD to order citizens of the United States to identify themselves even when there is no reasonable suspicion regarding that citizen.

      c.    Plaintiffs allege that there is a culture in the LVMPD to order citizens of the United States to produce written identification to identify themselves, even when that citizen is not operating a vehicle.

3. This action is primarily for declaratory and injunctive relief to define the rights of citizens of the United State present in the State of Nevada and to prevent future violations of those rights by LVMPD.

**PARTIES**

4. Plaintiff James Liam is a natural person and is not a resident of Nevada, but was visiting Nevada at the time relevant to this Complaint.

5. Plaintiff Amanda Matthews is a natural person and is not a resident of Nevada, but was visiting Nevada at the time relevant to this Complaint.

6. DOE Officers are officers of the Las Vegas Metropolitan Police Department acting under color of law, and will be specifically identified once their identities are known to Plaintiff.

7. Las Vegas Metropolitan Police Department is a political subdivision of the State of Nevada.

**JURISDICTION**

8. This Court has original jurisdiction in this civil rights action pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4).

9. The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

10. Plaintiffs invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate over any and all state constitutional and state law claims that share a common nucleus of operative fact with the claims within the original jurisdiction of this Court.

**VENUE**

11. Venue is appropriate in this matter under 28 U.S.C. § 1391 because all relevant facts giving rise to this action occurred in this Court's judicial district.

**STATEMENT OF FACTS**

12. On April 1, 2017, Plaintiffs were traveling as passengers in a van.

13. Officers of LVMPD pulled the van over for a traffic stop because the driver of the van forgot to turn on his headlights after sun down.

14. Doe Officer 1 approached the van. Officer 1 learned that there were 15 unidentified people in the van.

15. Officer 1 had no reasonable suspicion towards any passenger.

16. Officer 1 only had reasonable suspicion that the driver had driven without the use of headlights.

17. Knowing that he did not have reasonable suspicion against the passengers, Officer 1 ordered all the passengers with written identification to surrender such identification to Officer 1.

18. Plaintiffs complied with Officer 1's illegal order to produce written identification.

19. The LVMPD officers then proceeded to run all the surrendered identifications through their databases, searching for people they wished to interrogate.

20. Officer 1 asked another officer to inform LVMPD that there were 15 people in the van.

21. Because LVMPD had unlawfully taken the passengers' IDs, without reasonable suspicion, LVMPD identified Plaintiff James Liam as a passenger.

22. The LVMPD officers identified James Liam as a person they wished to interrogate and perform an "FI" on, which, upon information and belief means a "field investigation".

- 3 -

23. The LVMPD officers had no reasonable suspicion against James Liam.

24. Doe Officer 2 was informed that Doe Officer 3, the sergeant in charge, wanted Doe Officer 2 to perform an "FI" on James.

25. Doe Officer 2 ordered James to leave the van and to come with Officer 2.

26. James obeyed the order.

27. Officer 2 ordered James to go to the front of the Officer's vehicle.

28. James complied.

29. Officer 2, along with Doe Officer 4 began to interrogate James and fill out a field investigation form.

30. Officer 2 asked James whom James associated with, specifically looking to profile James based on James' exercise of his First Amendment right to associate and to assembly.

31. James voiced an objection to the questions, stating that he was only the passenger.

32. Officer 4 intentionally misinformed James about his constitutional rights by informing James that LVMPD had the right to identify everyone in the vehicle.

33. Officer 2, controlling James' identification, proceeded to fill out the field investigation papers.

34. James asked for his identification back. Officer 2 refused to return the identification, stating that James could have the identification back "when we're done".

<b><u>CAUSES OF ACTION</u></b>

<b><u>FIRST CLAIM FOR RELIEF</u></b>

42 U.S.C. § 1983 and Fourth, Fifth and Fourteenth Amendments

Against Doe Officers

35. Plaintiffs repeat and reallege by reference all prior paragraphs as if fully set forth herein.

36. Doe Officers illegally detained Plaintiffs without reasonable suspicion.

37. Doe Officers further illegally extended the traffic stop, beyond the original purpose supported by reasonable suspicion, for the purpose of gathering intelligence.

38. The conduct of the Doe Officers described herein, while acting under color of state law, violated Plaintiffs' right to be free from unreasonable search and seizure and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendment and of self-incrimination under the Fifth and Fourteenth Amendment. Therefore, Doe Officers are liable under 42 U.S.C. § 1983 which prohibits the deprivation under color of state law, of any rights, privileges or immunities guaranteed by the United States Constitution.

39. As a direct and proximate result of the Defendant Officer's unlawful conduct, Plaintiffs have suffered a deprivation of Constitutional rights.

## SECOND CLAIM FOR RELIEF

42 U.S.C. § 1983 and Fourth, Fifth and Fourteenth Amendments

Against Doe Officers

40. Plaintiffs repeat and reallege by reference all prior paragraphs as if fully set forth herein.

41. Doe Officers illegally demanded that passengers of a vehicle, including Plaintiffs, not under reasonable suspicion of committing a crime, identify themselves.

42. The conduct of the Doe Officers described herein, while acting under color of state law, violated Plaintiffs' right to be free from unreasonable search and seizure and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendment and of self-incrimination under the Fifth and Fourteenth Amendment and as such are liable under 42 U.S.C. § 1983 which prohibits the deprivation under color of state law, of any rights, privileges or immunities guaranteed by the United States Constitution.

43. As a direct and proximate result of the Defendant Officer's unlawful conduct, Plaintiff has suffered a deprivation of Constitutional rights.

## THIRD CLAIM FOR RELIEF

42 U.S.C. § 1983 and Fourth, Fifth and Fourteenth Amendments

Against Doe Officers

44. Plaintiffs repeat and reallege by reference all prior paragraphs as if fully set forth herein.

45. Doe Officers illegally demanded written identification of passengers, including Plaintiffs, not under reasonable suspicion of committing a crime and not operating a vehicle.

46. The conduct of the Doe Officers described herein, while acting under color of state law, violated Plaintiffs' right to be free from unreasonable search and seizure and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendment and of self-incrimination under the Fifth and Fourteenth Amendment and as such are liable under 42 U.S.C. § 1983 which prohibits the deprivation under color of state law, of any rights, privileges or immunities secured by the United States Constitution.

47. As a direct and proximate result of the Doe Officers' unlawful conduct, Plaintiffs have suffered a deprivation of Constitutional rights.

## FOURTH CLAIM FOR RELIEF

### (*Monell* Claim)

48. Plaintiffs repeat and reallege by reference all prior paragraphs as if fully set forth herein.

49. The actions described in this case were done at the direction of Metro supervising officers as part of a coordinated Metro effort.

50. The actions described in this case are consistent with other constitutional violations of demanding identification of non-suspects, which conduct is common place among Metro officers.

51. The actions described above of detaining non-suspects and extending traffic stops beyond their original purpose is common place among Metro officers.

52. The actions described above of demanding written identification from people not operating a vehicle is common place among Metro officers.

53. Defendant Metro has implemented, condoned, fostered and sanctioned de facto policies and practices which reflect a willful indifference to Plaintiff's constitutional rights.

54. The de facto policies and practice implemented, condoned, fostered and sanctioned by Defendant Metro were a direct and proximate cause of the deprivation of the Plaintiffs' constitutional rights as complained herein.

55. Doe Officers' actions were done willingly, knowingly, and with specific intent to deprive Plaintiffs of their rights under the Fourth, Fifth and Fourteenth Amendments to United States the Constitution.

56. These constitutional abuses and violations of Doe Officers were directly and proximately caused by the policies and practices implemented, condoned, fostered and sanctioned by Defendant Metro.

57. By implementing, condoning, fostering and sanctioning these policies and practices, Defendant Metro has failed to adequately supervise and train its officers, including the Doe Officers. As a result, Defendant Metro has failed to adequately discourage constitutional violations on the part of its officers or to monitor and discipline its officers.

58. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiffs have suffered a deprivation of Constitutional rights.

## VI.

### Prayer for Relief

Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

a. A declaration that Defendants' conduct violated the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

b. Injunctive relief against further Constitutional violations as described herein;

c. Attorney's fees and costs of suit pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920;

d. Pecuniary relief for damages caused;

e. Any such other and further relief as this Court may deem appropriate and equitable, including declaratory relief as may be required in the interests of justice.

## VII.

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 7th day of February, 2018

STEPHEN P. STUBBS, ATTORNEY AT LAW


    /s/ Stephen P. Stubbs
STEPHEN P. STUBBS, ESQ.
Nevada Bar No.: 0010449
626 South Third Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*