LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:   (702) 792-7000
Fax:              (702) 796-7181
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com

Attorneys for Defendant
*Las Vegas Metropolitan Police Department*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES IIAMS, individually and AMANDA MATTHEWS, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada, and DOE OFFICERS I-XX, <br><br> Defendants. | CASE NO.:    2:18-cv-00231-RFB-CWH <br><br><br> **LVMPD'S MOTION TO DISMISS** |

Defendant Las Vegas Metropolitan Police Department ("LVMPD"), by and through its counsel, Kaempfer Crowell, hereby moves to dismiss James Iiams' and Amanda Matthews' (the "Plaintiffs") Complaint. This motion is based on the pleadings and papers on file herein, the

/ / /

/ / /

/ / /

following memorandum of points and authorities, and any oral argument permitted at a hearing on this matter.

DATED this 8th day of March, 2018.

KAEMPFER CROWELL

BY:  */s/ Lyssa S. Anderson*
     LYSSA S. ANDERSON (Nevada Bar No. 5781)
     RYAN DANIELS (Nevada Bar No. 13094)
     8345 West Sunset Road, Suite 250
     Las Vegas, Nevada 89113

Attorneys for Defendant
***Las Vegas Metropolitan Police Department***

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The Plaintiffs are suing LVMPD because police officers asked for their identification while they were passengers in a van. They allege the officers had no reasonable suspicion that they had done anything wrong so the officers' requests violated their constitutional rights. According to the Complaint, the officers only pulled the van over because "the driver of the van forgot to turn on his headlights after sundown." (ECF No. 4, ¶ 13.) Based on this incident, Plaintiffs claim LVMPD has a policy or custom which causes violations of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

The Court should dismiss LVMPD from this lawsuit because the allegations do not state a claim upon which relief can be granted. Assuming Plaintiffs facts are true, they do not state any unconstitutional conduct. Police officers may ask passengers of lawfully stopped vehicles for their identification. They may even ask them to exit the vehicle. They can do all of this without reasonable suspicion that the passengers have committed a crime. Moreover, Plaintiffs'

1  allegations against LVMPD are conclusory.  They have alleged a widespread custom or policy
2  based on one event and assume this represents an official policy or custom.  Assuming that
3  officers cannot ask passengers for their licenses, alleging one instance of misconduct coupled
4  with a conclusory allegation of an existing policy is insufficient to state a *Monell* claim against
5  LVMPD.

6  Finally, Plaintiffs are primarily seeking declaratory relief, recognizing this case has "*de
7  minimus* monetary value." (ECF No. 4, ¶ 2.)  The Court should abstain from hearing the
8  declaratory relief action because this is a constitutional issue and the Ninth Circuit—as well as
9  many other courts—have already rendered opinions on these issues.  Moreover, since Plaintiffs
10 are not Nevada citizens, a declaration concerning LVMPD's customs or policies is unlikely to
11 substantially affect them in any way.

12 **II.   LEGAL STANDARD**

13 **A.  Motion to Dismiss Standard.**

14 Federal Rule of Civil Procedure 12(b)(6) mandates a court dismiss a cause of action that
15 fails to state a claim on which relief can be granted.  A motion to dismiss under Rule 12(b)(6)
16 tests the complaint's sufficiency.  *See North Star Int'l v. Arizona Corp. Comm'n.*, 720 F.2d 578,
17 581 (9th Cir.1983).  When considering a motion to dismiss under Rule 12(b)(6), dismissal is
18 appropriate only where the complaint does not give the defendant fair notice of a reasonably
19 cognizable claim and the grounds on which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S.
20 544, 127 S.Ct. 1955, 1965 (2007).

21 When considering whether the complaint is sufficient to state a claim, the court will take
22 all material allegations as true and construe them in the light most favorable to the plaintiff.  *See
23 NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986). The court, however, is not
24 required to accept as true allegations that are merely conclusory, unwarranted deductions of fact,

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "Their assertions...amount[ing] to nothing more than a formulaic recitation of the elements of a...claim...are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S. Ct. 1937, 1951 (2009)) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they "do nothing more than state a legal conclusion - even if that conclusion is in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**B. Declaratory Relief Standard.**

The Declaratory Judgment Act states courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The act only *authorizes* the court to declare rights; it does not require it do so. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 62 S. Ct. 1173, 1175 (1942) (Although a District Court had jurisdiction of a suit under the Federal Declaratory Judgments Act, "it was under no compulsion to exercise that jurisdiction.") While a court cannot refuse to entertain a such an action on a whim, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of *practicality* and *wise judicial administration*." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137, 2143 (1995) (emphasis added).

Declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Eureka Fed. Sav. & Loan Asso. v. Am. Cas. Co.*, 873 F.2d 229, 231 (9th Cir. 1989).

KAEMPFER CROWELL RENSHAW GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

Whether a district court chooses to hear or abstain from hearing a declaratory relief action, the issue raised is not "jurisdictional." Rather, the issue is "legal" and the review of the court's decision is whether it abused its discretion. *See Md. Cas. Co. v. Knight*, 96 F.3d 1284, 1288 (9th Cir. 1996) ("As when a district court with subject matter jurisdiction chooses to hear an action brought under the Act, the issue raised is not a "jurisdictional" question, but a "legal" one: given that federal subject matter jurisdiction exists, did the district court nevertheless abuse its discretion by choosing to exercise this jurisdiction?"). No "exceptional circumstances" are required to support the district court's decision to abstain from hearing a declaratory relief action. *Wilton*, 515 U.S. at 286, 115 S. Ct. at 2142 (1995).

## III. ARGUMENT

### A. Plaintiffs have not Alleged an Unconstitutional Policy.

Plaintiffs' *Monell* claim must identify a municipal policy or custom. "Congress did not intend municipalities to be held liable unless acts pursuant to an official municipal policy of some nature caused a constitutional tort." *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658, 691 (1978). In order to impose liability on a municipality or a subdivision of a municipality under § 1983, a plaintiff must identify a "'municipal policy' or 'custom' that caused the plaintiff's injury." *Bd. Of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04 (citations omitted). "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decision maker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404 (citations omitted).

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

2114004_1.doc  6943.146

Page 5 of 11

Here, Plaintiffs' *Monell* claim alleges LVMPD has the following unconstitutional de facto policies regarding traffic stops. LVMPD policy allegedly requires officers to:

- demand identification of non-suspects;
- detain non-suspects;
- extend traffic stops beyond their original purpose; and
- demand written identification from people not operating a vehicle. (ECF No. 4, ¶¶ 50–52.)

None of these alleged "de facto policies" are unconstitutional. The Ninth Circuit addressed Plaintiffs' alleged unconstitutional policies in *United States v. Diaz-Castaneda*, 494 F.3d 1146 (9th Cir. 2007). In *Diaz-Castaneda*, a police officer stopped a vehicle because he had probable cause the driver had a suspended license. *Id.* at 1152. After confirming the driver had been driving with a suspended license he arrested him and then asked the passenger of the vehicle if he had a valid license. *Id* at 1149 (The Officer's reason for asking the passenger was "to discover if he had a valid license so he could take the vehicle so [he] didn't have to tow it."). The officer checked the passenger's ID card with radio dispatch and discovered the passenger had an immigration detainer for his arrest as an illegal alien. *Id.* The officer arrested the passenger and the passenger was indicted on a charge of illegal re-entry into the United States. *Id.* At an evidentiary hearing, the passenger moved to suppress the evidence stemming from the traffic stop but the district court denied his motion. *Id*. On appeal, the Ninth Circuit affirmed the district court's finding that there was no Fourth Amendment violation and stated:

- "The police may ask people who have legitimately been stopped for identification **without conducting a Fourth Amendment search or seizure**."; and

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

- "[I]nterrogation relating to one's identity or a request for identification by the police **does not, by itself constitute a Fourth Amendment seizure**." *Id.* at 1152–53 (emphasis added).

Just like the passenger in *Diaz-Castaneda*, Plaintiffs were passengers in a vehicle which was lawfully stopped for violating a traffic law. (ECF No. 4, ¶ 13.)[1] Also like the passenger in *Diaz-Castaneda,* Plaintiffs were asked to provide their licenses, even though they were not suspects of any crime. (ECF No. 4, ¶¶ 15, 17.) Finally, just as in *Diaz-Castaneda,* Plaintiff Iiams was "interrogated" concerning his identity. (ECF No. 4, ¶ 22.) Because the officer in *Diaz-Castaneda* did not violate the Fourth Amendment when he asked for a passenger's license and "interrogated" him regarding his identity, LVMPD cannot have an unconstitutional policy which authorizes substantially similar activity.

Plaintiffs also complain that the "interrogation" extended beyond the traffic stop's original purpose. (ECF No. 4, ¶ 51.) This is irrelevant. First, as already mentioned, officers were permitted to ask for the identification of passengers even though that was not the purpose of the traffic stop. Second, "questioning unrelated to the purposes of the traffic stop does not render the stop unlawful unless it prolongs the stop beyond what is necessary to effectuate its purposes." *United States v. Bowen*, 279 F. App'x 468, 469 (9th Cir. 2008). Plaintiffs have not alleged the stop was prolonged beyond what was necessary to effectuate its purposes nor do the factual allegations reasonably imply an unnecessary delay.[2] Because Plaintiffs allegations of

---

[1] NRS 484D.100 states: "Every vehicle upon a highway of this State […] must display lighted lamps and illuminating devices […]  At any time from one-half hour after sunset to one-half hour before sunrise."

[2] Plaintiff Iiams has alleged he was ordered out of the van and asked to stand in front of the Officer's vehicle. (ECF No. 4, ¶¶ 25–27.)  This is not an unlawful delay: "[A]n officer making a traffic stop may order passengers to get out of the car pending completion of the stop." *Maryland v. Wilson*, 519 U.S. 408, 415, 117 S. Ct. 882, 886 (1997).

unconstitutional policies are in fact constitutional policies, he has not stated a claim upon which relief may be granted.

### B. Plaintiffs Claims are Conclusory.

In addition to Plaintiffs' failure to identify an unconstitutional policy or custom, the Court should dismiss LVMPD because Plaintiffs' allegations of unconstitutional policies are conclusory. A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. 544 at 570). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. To state a *Monell* claim, a plaintiff is required to "'plead[] factual content that allows the court to draw the reasonable inference' that the City maintained a policy, custom, or practice" that deprived him of his constitutional rights. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

Plaintiffs have pleaded no facts which support a reasonable inference LVMPD engaged in a relevant practice that "is so widespread as to have the force of law." *Bd. Of Cnty. Com'rs of Bryan Cnty., Okl.* 520 U.S. at 404 (1997). Instead, they have only alleged a single instance of misconduct. Under *Monell*, a single instance of misconduct does not establish a municipal custom. *See Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995) ("Proof of random acts or isolated events are insufficient to establish custom.") The allegation that officers in this case acted in an unconstitutional manner coupled with a conclusory allegation that LVMPD "implemented, condoned, fostered, and sanctioned" policies that proximately caused violations is insufficient and the Court should dismiss LVMPD.

/ / /

/ / /

### C.  The Court Should Abstain from Hearing Plaintiffs' Declaratory Relief Action.

Plaintiffs state this action is "primarily for declaratory and injunctive relief to define the rights of citizens of the United State [sic] present in the State of Nevada and to prevent future violations of those rights by LVMPD."  (ECF No. 4, ¶ 3.)  The Court should abstain from hearing this action for declaratory relief because the constitutional issues Plaintiffs raise are not absolutely necessary to determine and Plaintiffs would likely not be substantially affected by a declaration anyway.

Courts ordinarily refuse to decide constitutional issues in declaratory relief actions except when absolutely necessary.  *See El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488, 494 (1st Cir. 1992) ("A factor which is always to be considered in determining whether to grant declaratory relief in constitutional cases is the need for courts to be chary about adjudicating constitutional rights by means of declaratory judgment actions.")  Courts "should withhold declaratory relief as a matter of discretion if such redress is unlikely to palliate, or not needed to palliate, the fancied injury, especially when refraining from issuing a declaratory judgment 'avoids the premature adjudication of constitutional issues.'" *Id.*

Here, whether LVMPD would violate the U.S. Constitution if it had a policy or custom of demanding identification of non-suspects, detaining non-suspects, extending traffic stops beyond their original purpose, or demanding written identification from people not operating a vehicle is not an absolutely necessary issue to determine.  First, the Ninth Circuit has already addressed this issue as argued above in *United States v. Diaz-Castaneda*, 494 F.3d 1146 (9th Cir. 2007). Revisiting the issue is neither practical nor a wise use of judicial resources. *See Wilton*, 515 U.S. at 288, 115 S. Ct. at 2143 (1995).  Second, a declaration from this Court is unlikely to palliate Plaintiffs' alleged injury or future injury.  Plaintiffs are not residents of Nevada. (ECF No. 4, ¶¶

1  4–5.) It is therefore unlikely a declaration concerning the constitutionality of LVMPD's customs

2  or policies would substantially affect them.

3  **IV.    CONCLUSION**

4        Because Plaintiffs allegations of unconstitutional conduct are actually constitutional and

5  their allegations are conclusory, the Court should dismiss LVMPD from the Complaint.  In

6  addition, the Court should abstain from hearing Plaintiffs declaratory relief claim for the reasons

7  outlined above.

8        DATED this 8th day of March, 2018.

9                  KAEMPFER CROWELL

11         BY:    */s/ Lyssa S. Anderson*
               LYSSA S. ANDERSON (Nevada Bar No. 5781)
               RYAN DANIELS (Nevada Bar No. 13094)
12                8345 West Sunset Road, Suite 250
               Las Vegas, Nevada 89113

               Attorneys for Defendant
14                ***Las Vegas Metropolitan Police Department***

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing **LVMPD'S MOTION TO DISMISS** was made this date by electronic means through the Court's CM/ECF program to each of the following:

STEPHEN P. STUBBS, ESQ.
Nevada Bar No. 10449
STEPHEN P. STUBBS, ATTORNEY AT LAW
626 South Third Street
Las Vegas, NV 89101
Telephone: (702) 493-1040
Facsimile: (702) 293-3289
stephen@stephenpstubbs.com

Jared Richards, Esq.
Nevada Bar No. 11254
CLEAR COUNSEL LAW GROUP
1671 W. Horizon Ridge Pkwy, Ste 200
Henderson, NV89102
Telephone: (702) 476-5900
Facsimile: (702) 924-0709
jared@clearcounsel.com

*Attorneys for Plaintiffs*

DATED this 8th day of March, 2018.

*/s/ Gina Muscari*

an employee of Kaempfer Crowell

KAEMPFER CROWELL RENSHAW GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113