LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com

Attorneys for Defendant
*Las Vegas Metropolitan Police Department*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES IIAMS, individually and AMANDA MATTHEWS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; SERGEANT JUSTIN BRYERS; OFFICER RICHARD NELSON; OFFICER JONATHAN CARRINGTON; OFFICER LUKAS FERRIS; and DOE OFFICERS I-XX,<br><br>Defendants. | CASE NO.: 2:18-cv-00231-RFB-CWH<br><br>**STIPULATION TO EXTEND DISCOVERY**<br><br>(First Request) |

Defendant Las Vegas Metropolitan Police Department ("LVMPD"), by and through its counsel, Lyssa Anderson, Esq., of the law firm of Kaempfer Crowell, and James Iiams and Amanda Matthews ("Plaintiffs"), by and through their counsel, Jared Richards, Esq. of Clear Counsel Law Group hereby stipulate and agree that the discovery cut-off date of September 4, 2018, be continued for a period of ninety (90) days up to and including **December 3, 2018**, for

the purpose of allowing the newly named Defendants to be served and respond to the Amended Complaint, to allow the parties to complete written discovery, to retain and disclose expert witnesses, and to take depositions of the parties and third-party witnesses.

## DISCOVERY COMPLETED TO DATE

Defendant, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, ("LVMPD") has provided its initial Rule 26(f) Disclosures and its First Supplement to Rule 26 Disclosures to Plaintiffs. Plaintiffs have provided their Rule 26 Disclosures to LVMPD.

LVMPD served its First Interrogatories on Plaintiffs which were responded to. LVMPD also served Requests for Admissions and Requests for Production of Documents on each Plaintiff. Those responses are currently due July 19, 2018 and July 26, 2018.

## DISCOVERY YET TO BE COMPLETED

Plaintiffs were recently given leave to file an Amended Complaint adding several individual LVMPD Officers as Defendants. The Amended Complaint was filed on July 2, 2018 and Summonses were issued for the individual Officers. Plaintiffs have not yet served the newly named Defendants and LVMPD has not filed a response to the Amended Complaint.

Plaintiffs will respond to the outstanding Requests for Admissions and Requests for Production of Documents by LVMPD. Plaintiffs will serve written discovery on LVMPD and the newly named Defendants once they make an appearance in the case. The parties will provide additional documents and will take the depositions of the named parties and possibly some third-party witnesses. The parties will retain expert witnesses and disclose expert reports.

## REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

As set out above, the Plaintiffs were recently permitted by the Court to amend their Complaint to add additional Defendants. The newly named Defendants have not yet been served and have not yet made an appearance. With the addition of new Defendants, the scope of

**KAEMPFER CROWELL RENSHAW GRONAUER & FIORENTINO**
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

discovery has changed.  The parties have been diligent in engaging in discovery, however, based upon the procedural history, the parties require additional time to conduct discovery.

**PROPOSED EXTENDED DEADLINES**

Accordingly, it is hereby stipulated and respectfully requested that this Court enter an order as follows:

**(A)  Discovery Deadline.**

That the current discovery cut-off date of September 4, 2018, be extended for a period of ninety (90) days, up to and including **December 3, 2018.**

**(B)  Experts and Rebuttal Experts.**

The parties, and each of them, shall disclose their experts to each other at least sixty (60) days before the discovery cut-off date, or by **October 4, 2018.** The parties, and each of them, shall disclose rebuttal experts at least thirty (30) days after the initial date for disclosure of experts, or by **November 5, 2018.**

**(C)  Dispositive Motions.**

All pretrial motions, including but not limited to, discovery motions, motions to dismiss, motions for summary judgment, and all other dispositive motions shall be filed and served no later than thirty (30) days after the close of discovery, which is by **January 2, 2019.**

**(D)  Motions in Limine/Daubert Motions.**

Under LR 16-3(b), any motions in limine, including Daubert type motions, shall be filed and served thirty (30) days prior to the commencement of Trial.  Oppositions shall be filed and served and the motion submitted for decision fourteen (14) days thereafter.  Reply briefs will be allowed only with leave of the Court.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

**(E) Pretrial Order.**

Pursuant to LR 26(1)(e)(5) the Joint Pretrial Order shall be filed with this Court no later than thirty (30) days after the date set for filing dispositive motions, which shall be by **February 1, 2019,** unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or further order of this Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections shall be included in the final pretrial order.

**(F) Interim Status Report.**

In accordance with LR 26-3, not later than sixty (60) days before the discovery cut-off, the parties shall submit an interim status report stating the time they estimate will be required for trial giving three (3) alternative available trial dates, and stating whether in the opinion of counsel who will try the case, trial will be eliminated or its length affected by substantive motions. The status report shall be signed by counsel for each party or the party, if appearing in *pro se*. The parties shall file the interim status report by **October 4, 2018.**

**(G) Extensions or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-4, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed scheduled for completing all discovery.

The parties recognize that this request is not being made within twenty-one (21) days of the current deadline to disclose expert witnesses, July 6, 2018 pursuant to LR 26-4; however the parties submit that the excusable neglect exists.

LR 26-4 states in relevant part:

> A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 S. Ct. 1489, 123 L.Ed.2d 74 (1993).

The parties were not aware whether Plaintiffs' request to amend their complaint would be granted twenty-one (21) days ago. Indeed, Plaintiff's Amended Complaint was just filed on July 2, 2018. Since Plaintiffs' Complaint has been amended to name new Defendants, the scope of discovery has changed. Moreover, the new Defendants should be afforded time to participate in discovery after their appearance is made.

This request for an extension is made in good faith, jointly by the parties hereto, to allow additional time for the new Defendants to be served and appear in the case; to allow the parties'

time to complete written discovery, to taken depositions and to disclose expert witnesses and rebuttal expert witnesses. This request is not timely, however, is the result of excusable neglect, being that the parties were not certain whether the leave to amend would be granted by the Court. Trial is not yet set in this matter dispositive motions have not yet been filed. Accordingly, this extension will not delay this case. Moreover, since this request is a joint request, neither party will be prejudiced. The extension will allow the parties the necessary time to prosecute this case.

DATED this 6th day of July, 2018.

| KAEMPFER CROWELL | CLEAR COUNSEL LAW GROUP |
|---|---|
| By: */s/ Lyssa S. Anderson*<br>LYSSA S. ANDERSON<br>Nevada Bar No. 5781<br>RYAN W. DANIELS<br>Nevada Bar No. 13094<br>1980 Festival Plaza Drive<br>Suite 650<br>Las Vegas, Nevada 89135<br>**Attorneys for Defendant** | By: */s/ Jared Richards*<br>Jared Richards, Esq.<br>Nevada Bar No. 11254<br>1671 W. Horizon Ridge Pkwy, Ste. 200<br>Henderson, NV 89102<br>**Attorneys for Plaintiffs** |

**ORDER**

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

Dated: July 11, 2018