# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| AMANDA MATTHEWS; JAMES IIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 2:18-cv-00231-RFB-DJA<br><br>**ORDER** |

This matter is before the Court on Defendants' Motion for Pretrial Settlement Conference (ECF No. 105), filed on May 12, 2021. Plaintiff filed a Response (ECF No. 107) on May 26, 2021. Defendants filed a Reply (ECF No. 109) on June 2, 2021.

Defendants argue that given previous rulings, the only issue at trial, for the most part, is damages. Defendants wish to reach a global settlement with Plaintiff and a settlement conference would be much less costly than a trial and would save court resources. Finally, Defendants point out that in conjunction with a pending interlocutory appeal, the parties participated in the Circuit mediation program, but the mediator essentially abandoned the case. Defendants note they contacted Plaintiff's counsel to see if they would agree to a settlement conference, but Plaintiff's counsel declined.

Plaintiffs filed a limited Opposition to the motion indicating reservations about the efficacy of a settlement conference's ability to resolve their equitable claims. Plaintiff requests that if the Court orders a settlement conference, it require the ultimate policy maker for Defendant LVMPD to attend with authority to settle and "make lasting changes in relation to LVMPD's policies, procedures and training," and that the trial not be delayed or postponed. Defendants reply that they will ensure that in-house legal counsel for LVMPD will be present with financial

and non-monetary authority to participate in good faith and that LVMPD's legal counsel's authority is derived directly from the Sheriff.

Under Local Rule 16-5, "[t]he court may set any appropriate civil case for settlement conference or other alternative method of dispute resolution…" The Court generally does not grant motions for settlement conferences that are opposed. *McCarty v. Roos*, N. 2:11-cv-01538-JCM-NJK, 2013 WL 5436578, at *2 (D. Nev. Sept. 27, 2013). Here, the reason for Plaintiff's limited opposition is adequately addressed by the Defendants in their reply given their willingness to ensure that a representative of the Defendants will be present with authority to settle both the monetary claims and the equitable relief requested. As such, it appears as though Plaintiff would agree to participate in a settlement conference given the only reason for filing a limited opposition has been addressed. Finally, given that a trial date has not been set, this order should not affect a trial date, the setting of which is completely in the purview of the District Court Judge.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Pretrial Settlement Conference (ECF No. 105) is GRANTED. The Court will enter a separate order with further details scheduling the settlement conference.

DATED: June 9, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE